**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mohammed Jada, <br><br> Plaintiff, <br><br> vs. <br><br> Wells Fargo Bank, N.A.; Wells Fargo Home Mortgage, Inc.; Federal National Mortgage Assoc.; Tiffany & Bosco, P.A., <br><br> Defendants. | No. CV-10-2164-PHX-GMS <br><br> **ORDER** |

Pending before the Court are a Motion to Dismiss filed by Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, Inc.(collectively "Wells Fargo") and the Federal National Mortgage Assoc. ('Fannie Mae") (Doc. 3), and Motion for a Summary Entry of Judgment (Doc. 5). For the reasons stated below, Defendants Motion to Dismiss (Doc. 3), is granted with leave to seek to amend. The Motion for Summary Entry of Judgment (Doc. 5), is denied as moot.

## BACKGROUND

On October 12, 2010, Plaintiff filed his complaint in this matter (Doc. 1). According to the allegations of the Complaint, Plaintiff executed a promissory note and a deed of trust on April 6, 2006, Doc. 1 at ¶ 17. The original lender was Crestar Mortgage Corp., and the original beneficiary on the trust deed was Mortgage Electronic Registry Systems, Inc.

("MERS") for the benefit of the lender and its successors and/or assigns. The original trustee on the deed of trust was Michael A. Bosco. *Id*. at ¶ 20. On March 19, 2009, Defendants filed a notice of trustee's sale, which was conducted on August 12, 2010. As a result of the trustee's sale a deed was issued to Fannie Mae. *Id*. at ¶¶ 25-26. Defendants Tiffany & Bosco thereafter filed, on behalf of Fannie Mae, a forcible detainer action against Plaintiff.

In his complaint, Plaintiff seeks declaratory and injunctive relief declaring the sale of his home void and further declaring that Defendants have no right to enforce the underlying promissory note, have no legal claim to title on the property, have no recourse to a forcible detainer remedy against Plaintiff, and awarding Plaintiff his fees and costs. As best the Court can understand, Plaintiff bases his allegations on the assertion that the persons who conducted the foreclosure were not holders in due course, that the assignment to those conducting the foreclosure sale was invalid, and that those conducting the foreclosure sale "lacked standing" to do so.

The Wells Fargo and Fannie Mae Defendants filed a Motion to Dismiss on December 17, 2010 (Doc. 3). Because Plaintiff failed to file a response to the motion, this Court *sua sponte*, filed an order requiring Plaintiff to answer Defendants' Motion to Dismiss by January 24, 2011 and advising Plaintiff that a failure to file an answer to the motion to dismiss could result in the summary dismissal of his complaint, pursuant to Local R. Civ. P. 7.2(I). Plaintiff failed to comply with that Order, resulting in a separate motion filed by the Wells Fargo and Fannie Mae Defendants for the summary dismissal of the complaint (Doc. 5).

The Court will grant moving Defendant's Motion to Dismiss (Doc. 3). Before doing so the Court has reviewed the motion and the complaint to ensure that dismissal is warranted. The Court has concluded that it is for the following reasons.

**1.     A.R.S. § 33-811.**

In their Motion to Dismiss the Complaint, Defendants assert that Plaintiff has waived any defenses or objections he had to the trustees sale, because he did not even file his complaint, let alone obtain injunctive relief, prior to the foreclosure sale. Defendants are correct.

A.R.S. § 33-811 (2007) specifies that:

> The trustor, its successors or assigns, . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona Rules of Civil Procedure, entered before 5:00 p.m. Mountain standard time on the last business day before the schedule date of the sale.

Plaintiff's own complaint reveals that he did not even file this complaint until months after the trustee's sale. This Court does not make and cannot alter state law, rather it applies it. The law in question does not provide leeway for those who might not have been aware of their obligation to obtain injunctive relief before the trustee's sale. Thus, no arguments or assertions raised by Plaintiff, even if true, can be used to contest the non-judicial foreclosure of the subject property. *Luciano v. WMC Mortgage Corp.,* 2010 WL 1491952 (App. April 13, 2010) (holding that we "give effect to the plain meaning of the statute" and that by Plaintiff's failure to seek an injunction pursuant to Rule 65 before the sale was held, "she waived any defense or objection to the sale."). Therefore, it is beyond the power of this Court to afford to Plaintiff the declaratory and injunctive relief he seeks in his complaint.

## 2. Legal Insufficiency of Asserted Bases for Declaratory Claims

Further, the several legal assertions on which Plaintiff has rested his declaratory and injunctive claims have been repeatedly rejected by this Court.

### a. There is no requirement for possession of the actual note

Plaintiff alleges that Defendants had no authority to foreclose on his home because Defendants were not the actual holders of the original promissory note. This theory, which is often referred to as "show me the note," has been soundly rejected by the District of Arizona. *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks merit."); *See, e.g., Ciardi v. Lending Co.*, 2010 WL 2079735 (D. Ariz. May 24, 2010); *Silvas v. GMAC Mortg.*, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009, amended Jan. 5, 2010); *Contreras v. U.S. Bank*, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009). Given that it is not a cognizable legal theory, it cannot provide the basis for declaratory relief. *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2006) ("Dismissal is

appropriate where the complaint lacks . . . a cognizable legal theory . . ..").

### b. Deeds of trust are not negotiable

Plaintiff also apparently asserts the theory that the deed of trust constitutes a negotiable instrument. This assertion, too, has already been rejected by this court. *See, e.g., Rhoads v. Washington Mut. Bank, F.A.,* 2010 WL 1408888*3-4 (D. Ariz. 2010) (holding that a "deed of trust . . . is not an "instrument" under the Arizona Uniform Commercial Code–Negotiable Instrument.") *Rhoads* also establishes that to the extent any of Plaintiff's claims may be based on the note such claims cannot be supported in this context. The sale that Plaintiffs "seek to have declared void was conducted pursuant to the trustee's power of sale, not at an action to enforce the Note." Id at *3. Such assertions, therefore, cannot stand as the basis for declaratory or injunctive relief.

### c. MERS was not per se incapable of assigning its interest

Plaintiff's argument that Defendants lack standing is also unavailing. Plaintiff apparently asserts that making MERS the nominal beneficiary on the deed of trust as an agent for the original lender or its successors or assigns, as a matter of law separates the beneficial interest in the deed of trust from the promissory note that the deed of trust secures. This, Plaintiff apparently alleges, results in an invalid assignment. Nevertheless, by the terms of the deed of trust itself, MERS is only a beneficiary for the benefit of the original lender on the promissory note and its subsequent successors and assigns. Therefore MERS can only exercise its rights as beneficiary under the deed of trust for the benefit of either the original lender or its subsequent successors and assigns. To the extent it does so, the beneficial interest in the deed of trust has not been separated from the lender or its successors, and no assignment by MERS is invalid.

Plaintiff points to nothing in Arizona law that suggests that the deed of trust cannot be foreclosed when it is held by an agent of the beneficiary of the promissory note or its successor or assignee. *Kane v. Bosco,* 2010 WL 4879177 at *11 (D. Ariz. Nov. 23, 2010), *Cervantes v. Countrywide Home Loans, Inc.,* 2009 WL 3`57160 at *10-11 (D. Ariz. Sept. 24, 2009). Nor does Plaintiff assert that the assignment of the deed of trust by MERS, or the

ultimate foreclosure of the deed of trust, violates MERS obligations as a nominal beneficiary under the deed of trust for the benefit of the lenders or their successors or assigns. Therefore, absent additional substantive allegations, Plaintiff's argument that the deed of trust is void because it was "separated" from the promissory note itself, or that MERS could not execute an assignment of the deed of trust, fails to state a claim.

### d. No section 1983 claim

To the extent Plaintiff asserts that he has been deprived of his civil rights under § 1983, he does not identify how he was so deprived, nor any defendants, who under the color of state law, deprived him of his federal rights. Therefore, he has stated no § 1983 claim.

### e. Arizona has not recognized an independent cause of action for wrongful foreclosure

Those states that recognize the tort of wrongful foreclosure require the trustor to prove that either he was not in default at the time of the foreclosure or that the foreclosing party caused the default. *Contreras,* 2009 WL 4827016 at *5. Plaintiff has not made any such assertions in his complaint. And, at any rate, Arizona Courts have not yet recognized the tort of wrongful foreclosure. *Id.* Therefore, the bare assertion that the foreclosure was wrongful does not advance Plaintiff's request for injunctive relief.

### f. Plaintiff has not successfully stated a claim for fraud

To the extent that Plaintiff seeks to assert claims of fraud against the individual defendants he must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). There are nine elements required to plead common law fraud in Arizona. *Nielson v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966). Each fraud claim must be plead with particularity as to each Defendant against which the Plaintiff raises such claims. A Plaintiff must "state the time, place and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F2d 1393, 1401 (9th Cir. 1986); *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1033 (D. Ariz. 1989) (holding that "[m]ere conclusory allegations of fraud will not suffice; the complaint must contain statements of the time, place and nature of the alleged

fraudulent activities."). This Plaintiff has not done.

### g. Plaintiff has not stated a FDCPA claim

As this Court has already held, "a non-judicial foreclosure proceeding is not the collection of a "debt" within the meaning" of the Fair Debt Collection Practices Act. *Mansour,* 618 F. Supp.2d at 1178. As a result, Plaintiff has stated no FDCPA claim.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint is dismissed with leave to seek to amend. The motion shall attach the proposed amended complaint and shall otherwise follow the requirements of Arizona Local Rules of Civil Procedure 15.1.

Plaintiff is advised that the Court will not authorize the filing of an amended complaint that reasserts any legally deficient claims dismissed from the complaint. Any amended complaint must state, in one separate and distinct pleading, all of the claims that Plaintiff brings against each Defendant. Therefore, any claims that Plaintiff wishes to raise against Defendants must be asserted in the amended complaint. The amended complaint cannot, by reference incorporate the allegations of the complaint

**IT IS THEREFORE ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 3) is granted with leave to seek to amend.

2. Defendants' Motion for Summary Entry of Judgment (Doc. 5) is denied as moot.

3. Should Plaintiff desire to file a motion for leave to file an amended complaint, he shall do so no later than **August 29, 2011**. The proposed amended complaint shall be attached to the motion for leave to amend. The Court will not permit the filing of any proposed amended complaint that does not comply with the requirements of this Order and Local Rule of Civil Procedure 15.1.

4. If Plaintiff does not file a motion requesting leave to file an amended complaint by **August 29, 2011**, the Clerk of the Court is directed to terminate this matter without further notice.

5. Directing Plaintiff to file with the Court prima facie proof of appropriate service on all remaining Defendants prior to **August 29, 2011**.

6. The Clerk of the Court is further directed to dismiss this case as to any Defendant for whom proof of service has not been filed by **August 29, 2011**.

DATED this 29th day of July, 2011.

*G. Murray Snow*
United States District Judge